### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Laboratory Charter School, | : |
| *Plaintiff,* | : CIVIL ACTION |
| v. | : No. _____ |
| MRS, by and through her Parent, SS, and her Parent individually, | : |
| *Respondents.* | : |

## COMPLAINT

1. Plaintiff, Laboratory Charter School (hereinafter "Lab Charter" or "School"), files this Complaint in the nature of an appeal pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), P.L. 108-446, 118 Stat. 2647-2808 (Dec. 3, 2004), 20 U.S.C. §§ 1401-1482, from a Hearing Officer's administrative decision dated December 14, 2021.

2. This Court has jurisdiction pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and pursuant to express authorization in IDEA, 20 U.S.C. § 1415(i)(3)(A).

3. Defendant, MRS (hereinafter "Student"), is a minor who is a resident of the City of Philadelphia School District but is currently not enrolled at any school due to a complete lack of diligence of her mother in not pursuing her daughter's enrollment in the designated public school closest to her home.

4. Defendant, SS (hereinafter "Parent"), is Student's mother and natural guardian, who also resides in the City of Philadelphia School District.

5. Lab Charter is a public charter school that is part of the ApplyPhilly program and is a part of the City of Philadelphia School District.

6. Student is a 12-year-old girl with a history of behavioral and learning difficulties who had been identified in second grade as eligible for specialized instruction under the classification of Other Health Impairment based on an evaluation performed at the Philadelphia Mental Health Clinic.

7. While significant academic weaknesses were also shown, a classification of a specific learning disability was deferred based on high absenteeism during kindergarten through 4th grade.

8. Prior to attendance at Lab Charter starting in 5th grade, Student attended Philadelphia School District schools for kindergarten through 4th grade.

9. During her 5th grade experience at Lab Charter, Student performed well, attaining final grades of "A" through "C."

10. However, during the pandemic related virtual learning experience in 6th grade, Student returned to an extremely high rate of absenteeism, accruing at least 79 unexcused absences and 30 late citations, resulting in truancy reports.  As a result, her grades tumbled to all "D's" and "F's" for the year.

11. Despite the apparent needs of her daughter, Parent declined additional educational enrollment to extend the school year over the summer months.

12. Based upon observations made at the School from April through June 2021, a Neuropsychological Evaluation Report was created and received by the School in June 2021 to be used in the evaluation of the School's IEP during the IEP meeting scheduled for September 14, 2021.

13. During the summer break, an IEP meeting was scheduled to be held on September 14, 2021 to reassess what program would be needed to improve Student's educational program based upon the information in the received report from the Neuropsychologist Dr. Mary Lazar.

14. However, on August 31, 2021, Parent advised Tammy Roberts of Lab Charter that Student was transferred to Wyncote Academy, a private educational school serving students in grades 6-12 at its facility in Melrose Park, Pennsylvania.

15. The next day, Ms. Roberts confirmed Student's transfer via email to the Parent, wishing Student "the best in her new school" and requesting that Parent return Student's school issued laptop.

16. Parent responded to Ms. Robert's email on the same day, saying "No Problem!"

17. According to Apply Philly Charter ("Apply Philly") rules governing student applications to Philadelphia-based charter schools, Student's confirmed transfer meant that Lab Charter was required extend the enrollment to the next applicant for 7th grade matriculation on its waiting list.

18. Two weeks after the withdrawal, on September 13, 2021, Student appeared at Lab Charter without wearing the required uniform.

19. Lab Charter's CEO, Dr. Andrea Coleman-Hill, was at the School's entrance assisting students who were late in finding their classrooms upon their arrival when she noticed Student without the mandatory school uniform consisting of blue pants and a light blue collared polo shirt.

20. Dr. Coleman-Hill, who was not aware of who Student was or her matriculation status at the time, pulled Student aside to inquire as to why Student was not wearing a school uniform and offered to supply one from the School's reserve or even purchase one for Student if needed.

21. Student responded that her mother told her that she did not need a Lab Charter uniform because she would be starting her new school the following Monday.

22. Due to liability issues that could stem from having a non-matriculated student on its premises, Lab Charter, through counsel asked Parent to pick Student to the School.

23. Lab Charter further confirmed the cancelation of the IEP meeting scheduled for September 14, 2021.

24. Parent did not file an IDEA Due Process Complaint including FAPE and reinstatement claims until September 23, 2021,

25. The Complaint was docketed by Pennsylvania's Office of Dispute Resolution, the Commonwealth's designated special education due process hearing coordinator, as ODR No. 25489-21-22/AS.

26. ODR assigned the administrative matter to Hearing Officer James Gerl.

27. An Amended Due Process Complaint was filed with the ODR on October 7, 2021.

28. Parent subsequently filed a Motion to Determine and Enforce Pendency under the IDEA, requesting a "stay put" order that would reinstate Student as a full-time student at Lab Charter for the 2021-2022 school year and further require that her education at the School be undertaken pursuant to the terms of her last IEP report completed at the School dated May 5, 2020.

29. Prior to the hearing on the IDEA Due Process Complaint was scheduled to start on December 9, 2021, Parent voluntarily discontinued all FAPE claims including any request for private school transfer at the expense of Lab Charter without prejudice leaving as the sole issue at the hearing of what the School unlawfully excluded student for attendance during the 2021-20222 school year.

30. An evidentiary hearing the single issue of pendency motion was conducted before Hearing Officer Gerl over two virtual sessions on Friday, December 9, 2021 and Monday, December 13, 2021.

31. Since the pendant program implemented by an IEP completed on May 5, 2020 for the Student was agreed to be the pendent program controlling the Student's education, the singular dispute to be decided by the Hearing Officer whether the pendent IEP would be implemented at Lab Charter, or whether based on the confirmed withdrawal, it would be implemented at the Student's local Philadelphia School District schools nearest her home.

32. Throughout the process, the School averred that it was apparent that the Parent's sole interest in Student's pendent placement being Lab Charter was to permit the Parent to refile her IDEA Due Process Complaint and thereby reassert her claim that Lab Charter must pay the $73,000 tuition bill for Student to attend Wyncote Academy for the following two years.

33. Since Student was withdrawn from Lab Charter, Parent has taken no steps to have Student enrolled in another school or even investigate what other schools might be able to provide proper education to Student, Parent and Student are currently in violation of the Rules regarding school attendance and truancy.

34. Student is eligible, and indeed required, to matriculate into her Philadelphia neighborhood school providing 7th grade education guided by the latest IEP in place.

35. There was no credible evidence presented at the hearing that: (a) Parent had not confirmed Student's withdrawal of enrollment at Lab Charter for the 2021-20222 school year and (b) that another school within the School District of Philadelphia could not adequately educate Student, adequately fulfill the terms of the May 5, 2020 IEP and provide her with quality education.

36. Moreover, while Parent has stated herself that Lab Charter does not have sufficient facilities to meet Student's educational needs, she has not taken any steps to enroll Student in a public school that could meet her needs, and rather Parent is attempting to force Student back into a school that is no

longer the best fit so that she can force Lab Charter to pay for Student's education at Wyncote Academy.

37. Without making detailed findings of fact and ignoring established principals guiding pendency on December 14, 2021, Hearing Officer Gerl issued a "Stay Put Order", holding that the appropriate stay put placement for the Student is the itinerant learning support special education program with the services specified by the May 5, 2020 IEP that must be provided at Lab Charter.

38. The Hearing Officer's pendency decision is contrary to clear and well-established law and the overwhelming weight of the credible evidence presented at the hearing.

39. Specifically, the Hearing Officer erred in determining that a specific school building or location is an educational placement, directly contrary to well-established law.

40. The Hearing Officer erred in determining that Lab Charter is the appropriate placement since, at the time the Due Process Complaint was filed, Student was no longer matriculated at Lab Charter.

41. Lab Charter is likely to succeed on the merits of this appeal.

42. Lab Charter will suffer immediate and irreparable harm if forced to take Student back into its 7th grade matriculating class.

43. The harm to Lab Charter that would occur by the affirmance of the Hearing Officer's decision weighs heavily in favor of a holding in favor of Lab Charter and against the Parent on this appeal.

44. Relief for Lab Charter is in the public's best interest because a student should not be able to manipulate the pendency rule for the sole purpose of forcing a charter school to pay for their private education.

**WHEREFORE**, Plaintiff, Laboratory Charter School, respectfully requests that this Honorable Court:

   a. Reverse the hearing Officer's Order dated December 14, 2021;

   b. Order that Student's pendent placement is the educational program provided by the May 5, 2020 IEP that should be implemented at any Philadelphia School District public school;

   c. Enter judgment in favor of the Laboratory Charter School and against the Defendants; and

   d. Award the costs of this action and such further relief in favor of the Laboratory Charter School as this court deems necessary and/or appropriate.

                                            Respectfully Submitted,

                                            SPECTOR GADON ROSEN VINCI, P.C.

                                            By: *Alan B. Epstein*
                                            1635 Market Street, Seventh Floor
                                            Philadelphia, PA  19103
                                            (215) 241-8832
                                            aepstein@sgrvlaw.com
                                            *Attorney for the Laboratory Charter School*

Date: December 17, 2021