IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABORATORY CHARTER SCHOOL | : | CIVIL ACTION |
| | : | |
| v. | : | No. 21-5538 |
| | : | |
| M.R.S., by and through her Parent, S.S., and her Parent individually | : : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                                 **November 27, 2023**

In this case arising under the Individuals with Disabilities in Education Act ("IDEA"), middle school student M.R.S. and her parent, S.S., Defendants in this federal court action, alleged Plaintiff Laboratory Charter School ("Lab Charter") failed to provide M.R.S. with a free appropriate public education ("FAPE") during fifth and sixth grade, and wrongfully excluded her from school at the start of her seventh-grade year. A Hearing Officer agreed with Defendants on their exclusion and fifth-grade FAPE claims but found for Lab Charter on the sixth-grade FAPE claim. Both parties appealed, and on review, this Court affirmed the Hearing Officer's decision in full.

Because Defendants are the prevailing party, Defendants' motion for attorneys' fees and costs will be granted. However, the Court will reduce the requested fees and costs to reflect Defendants' partial success. The Court will deny Lab Charter's motion because it is not the

prevailing party. The Court will also deny Lab Charter's motion to defer[1] and request for a hearing with expert witness testimony.[2]

**STANDARD GOVERNING ATTORNEYS' FEES**

Under the IDEA, this Court has the discretion to award the prevailing party reasonable attorneys' fees. 20 U.S.C. § 1415(i)(3). A party is considered a prevailing party if she prevails on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 271 (3d Cir. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Specifically, the Third Circuit has explained in order to "prevail" a party must: (1) obtain a "material alteration of the legal relationship of the

---

[1] Lab Charter asks the Court to defer consideration of attorneys' fees because of its pending appeal in the Third Circuit. Pl.'s Mot. to Defer 1, ECF No. 69-1. Typically, the Court will "consider attorneys' fees promptly after the merits decision rather than stay the Fee Petition until resolution of the appeal." *Tower Health v. CHS Cmty. Health Sys.*, Civ. No. 19-2782, 2023 WL 5622623, at *3, n.4 (E.D. Pa. Aug. 11, 2023) (internal citations omitted). Lab Charter argues deferment will "preserve judicial efficiency by allowing the Court to conduct one fee petition analysis at the conclusion of the appeal rather than conduct multiple analyses now . . . with the full knowledge that at least one of those analyses will be rendered moot by Lab Charter's appeal." Pl.'s Mot. to Defer 1, 5.
   The Court disagrees. As described below, Lab Charter is not a prevailing party, and even if it were, it cannot be awarded attorneys' fees under 20 U.S.C. § 1415(i)(3). Because Lab Charter has presented no reason to deviate from the usual course of prompt consideration of attorneys' fees, the Court will deny Lab Charter's motion to defer.

[2] Expert witness testimony is not required to establish the reasonableness of an attorneys' fees award, and courts often determine such awards "on the basis of affidavits without a hearing." *Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 169 (3d Cir. 1973); *see also Blum v. Witco Chem. Corp.*, 829 F.2d 367, 377-78 (3d Cir. 1987). District courts within the Third Circuit have found a hearing unnecessary when the parties supported their calculations with affidavits and there were no factual disputes. *See, e.g., Haisley v. Sedgwick Claims Mgmt. Servs., Inc.*, Civ. No. 08-1463, 2011 WL 4565494, at *8, n.3 (W.D. Pa. Sept. 29, 2011). Here, both parties have submitted detailed documents supporting the reasonableness of their requested fees, and there are no factual challenges to the requested fee amounts. Thus, no hearing is required.

parties" that (2) is "judicially sanctioned." *M.R. v. Ridley Sch. Dist.*, 868 F.3d 218, 224 (3d Cir. 2017) (quoting *Raab v. City of Ocean City*, 833 F.3d 286, 292 (3d Cir. 2016)).

**DISCUSSION**

Lab Charter argues it is entitled to attorneys' fees and costs because its counsel has provided vigorous representation, and Lab Charter believes it will be the "overall prevailing party" after its pending appeal is completed. Pl.'s Mot. for Fees and Costs 2, ECF No. 65. Defendants are the prevailing party in this case—not Lab Charter. And even if Lab Charter were the prevailing party, it has presented no evidence to suggest it is an educational agency eligible for attorneys' fees.[3]

In this Court, Defendants prevailed on two of their three claims: the Court affirmed the Hearing Officer's findings that M.R.S. (1) was wrongfully excluded during her seventh-grade year and (2) had been denied a FAPE during her fifth-grade year. Mem. 17, July 20, 2023, ECF No. 56. Accordingly, Defendants were ultimately awarded most of their desired relief: a stay-put order directing Lab Charter to allow M.R.S. to immediately return to school; orders directing Lab Charter to provide full days of compensatory education for M.R.S.'s fifth- and seventh-grade years; and an order requiring Lab Charter to reimburse Defendants for the cost of M.R.S.'s independent educational evaluation. *Id*.; *see also* H.O. Decision of Jan. 12, 2022 at 19, ECF No.

---

[3] The Court notes the IDEA only permits awards of attorneys' fees to prevailing state educational agencies in limited circumstances. Under the IDEA, a prevailing "State educational agency or local educational agency" may be awarded attorneys' fees when 1) the parent has filed "a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation" against the school; or 2) "the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. §§ 1415(i)(3)(B)(i)(II)-(III). Lab Charter has presented no evidence to suggest it is eligible for attorneys' fees under the statute.

48-20; H.O. Decision of June 28, 2022 at 24, ECF No. 48-22. The only relief denied to Defendants was compensatory education for M.R.S.'s sixth-grade year. Mem. 17, July 20, 2023.

Defendants have achieved most of the relief they sought by obtaining a judicially sanctioned, material alteration of their legal relationship with Lab Charter. Meanwhile, Lab Charter does not argue it is presently a prevailing party but claims it will become one "*should* Lab Charter prevail on appeal." Pl.'s Mot. to Defer 5 (emphasis added). Because Lab Charter's entire petition is dependent on the outcome of a future, currently unresolved appeal, the Court will deny Lab Charter's motion for attorneys' fees and costs.

As the prevailing party, Defendants request $309,497.50 in fees and $738.00 in costs. Defs.' Reply Ex. 1 at 37, ECF No. 75-1. A calculation of attorneys' fees begins with the lodestar: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (noting the lodestar is presumed to be reasonable). A reasonable hourly rate is calculated according to the prevailing market rates charged by attorneys of equivalent skill and experience performing work of similar complexity in the community. *Washington v. Phila. Cnty. Ct. Com. Pl.*, 89 F.3d 1031, 1035-36 (3d Cir. 1996). The Third Circuit has endorsed the Community Legal Services of Philadelphia ("CLS") fee schedule as "well developed" and "a fair reflection of the prevailing market rates in Philadelphia." *Maldonado v. Houstoun*, 256 F.3d 181, 187-88 (3d Cir. 2001).

The party seeking attorneys' fees bears the burden of establishing the reasonableness of each factor in the lodestar equation with satisfactory evidence, in addition to the attorney's own affidavits. *Washington*, 89 F.3d at 1035-36; *Rode*, 892 F.2d at 1183. The opposing party "then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Rode*, 892 F.2d at 1183. The Court cannot "decrease a

fee award based on factors not raised at all by the adverse party." *Id*. (quoting *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989)); *see also Washington*, 89 F.3d at 1036 ("Where . . . the plaintiff has met his prima facie burden under the 'community market rate' lodestar test, and the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward.").

Defendants seek to recover attorneys' fees for a total of 394 hours spent on the case by partner Christine M. Gordon at hourly rates of $360 and $400; 290.2 hours spent by managing partner Scott H. Wolpert at hourly rates of $525 and $550[4]; 13.1 hours spent by associate Kathleen Vermilion at an hourly rate of $275; and 11.4 hours spent by paralegal Patricia Mueller at an hourly rate of $215. Defs.' Reply Ex. 1 at 37, ECF No. 75-1. In support of their fee request, Defendants' counsel have submitted detailed billing records which set forth a chronological list of the tasks performed by each member of the defense team and the time spent on those tasks, a chart of the total number of hours and fees attributable to each person, biographies of each person, and multiple affidavits on the reasonableness of the requested fees. *See id*.; *see also* Defs.' Mot. for Award of Attorneys' Fees and Costs Exs. 2-6, ECF No. 64. Because Lab Charter has not challenged the reasonableness of defense counsel's hourly rates and those rates are consistent with those suggested by the CLS fee schedule, the Court accepts the Defendants' proposed rates.

The next step in the lodestar calculation is to determine the reasonableness of the hours expended in litigation. A fee petition must be "specific enough to allow the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Washington*, 89 F.3d at 1037 (quoting *Keenan v. City of Philadelphia*, 983 F.2d 459, 473 (3d Cir. 1992)). The Third Circuit requires entries to include only "some fairly definite information as to the hours devoted

---

[4] Based on the billing records, Gordon and Wolpert's hourly rates increased in 2023.

to various general activities . . . and the hours spent by various classes of attorneys," not necessarily the "precise activity to which each hour was devoted." *Rode*, 892 F.2d at 1190 (quoting *Lindy Bros. Builders of Phila. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973).

Lab Charter does not contest the reasonableness of the number of hours expended by defense counsel on this case. Instead, Lab Charter argues the Court should issue a global reduction of Defendants' attorneys' fee award because Defendants' time entries are "rife with vague statements." Pl.'s Mot. to Defer 7. The Court disagrees. In support of their petition for attorneys' fees, Defendants have submitted 37 pages listing the dates of the work performed, the nature of the work, the time spent by each attorney or staff member, the hourly rate charged, and the total billable cost for that time entry. The Court finds this itemized list sufficiently specific to conclude the hours claimed are reasonable to the work performed, and the applicable lodestar figure is $309,497.50.

The Court may apply a global reduction to a requested legal fee based on the results obtained for the prevailing party, particularly "where a [party] is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Hensley*, 461 U.S. at 434. Courts in this district have often reduced awards in IDEA claims involving prevailing parents who did not receive the entirety of their requested relief. *See, e.g.*, *Cent. Bucks Sch. Dist. v. Q. M.*, Civ. No. 22-1128, 2022 WL 17339037, at *16 (E.D. Pa. Nov. 29, 2022) (reducing lodestar by 20% because parents succeeded on FAPE claim for only one of four school years at issue and were not awarded full tuition amount for that year); *Damian J. v. Sch. Dist. of Phila.*, Civ. No. 06-3866, 2008 WL 1815302, at *5-6 (E.D. Pa. Apr. 22, 2008) (reducing lodestar by 5% because student received

6

compensatory education for only part of requested school year, but student's relief was otherwise "substantial" and student's rights were generally vindicated).

As discussed above, only one of Defendants' claims was denied by the Hearing Officer and affirmed by this Court. Because Defendants were ultimately awarded every requested form of relief except for one year of compensatory education, and given the significance of the overall relief obtained in relation to the hours reasonably expended on the litigation, the Court finds it appropriate and reasonable to apply a 5% global reduction and to award Defendants $294,022.63 in attorneys' fees.

In addition to fees, Defendants request $738.00 in costs and expenses. Under 28 U.S.C. § 1920, the recoverable costs available to a prevailing party are:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs omitted from this list without express statutory authorization. *See Phila. Mortg. Trust v. Touche Ross & Co.*, 930 F.2d 306, 307 (3rd Cir. 1991). Here, Defendants seek reimbursement for two categories of expenses not enumerated in § 1920: $176.90 in travel and parking expenses and $26.00 in requested mailing costs. The Court will therefore disallow these amounts and award Defendants $535.10 in costs and expenses. *See Pelzer v. City of Philadelphia*, 771 F. Supp. 2d 465, 473 (E.D. Pa. 2011) ("No statute lists parking, lodging, meals, or other unspecified expenses as recoverable costs, and courts in this jurisdiction generally do not award such costs."); *id.* at 473-74 ("[C]opying, postage, and fax expenses are not typically

awarded, as they are viewed as 'subsumed within the overhead allowance included in the attorney's hourly fee.'"); *see also Damian J. v. Sch. Dist. of Phila.*, Civ. No. 06-3866, 2008 WL 1815302, at *6 (E.D. Pa. Apr. 22, 2008) (disallowing costs for mileage and parking); *Sheffer v. Experian Info. Solutions, Inc*., 290 F. Supp. 2d 538, 552 (E.D. Pa. 2013) (disallowing costs for mailing and parking).

An appropriate Order follows.

BY THE COURT:


    Juan R. Sánchez    
Juan R. Sánchez, C.J.